**In re John Patrick CRAIG, Debtor.**

**No. 01–3946–3F1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 15, 2001.

---

Lisa C. Cohen, Gainesville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Motion to Reconsider Order Authorizing Employment of Attorney Lisa C. Cohen ("Cohen") for Debtor–in–Possession John Patrick Craig ("Debtor") filed by the United States Trustee ("Trustee") on May 21, 2001. (Doc. 22.) On July 5, 2001, the Court held a hearing on the Motion to Reconsider and took the matter under advisement. (Doc. 47.) Upon review of the record and upon review of the arguments of counsel, the Court finds it appropriate to grant Trustee's Motion to Reconsider and to sustain Trustee's objection to the employment of Cohen as attorney for Debtor under the terms of the employment agreement currently before the Court.

### FINDINGS OF FACT

On March 28, 2001, Debtor and Cohen's firm, Ruff & Cohen, P.A. ("Ruff & Cohen"), entered into an Agreement for Services for Filing of Chapter 11 Bankruptcy Petition ("the Agreement"). (Ex. A to Trustee's Motion to Reconsider.) Paragraph one of the Agreement provides for the payment of a retainer to Ruff & Cohen:

> 1. *Payment of retainer.* The retainer which will be paid to the FIRM in exchange for the FIRM agreeing to represent the undersigned in the Chapter 11 proceeding is $15,000.00. This retainer is a minimum fee retainer and is considered fully earned by the FIRM at the time of payment. In exchange for the payment of this retainer, the undersigned will receive up to $15,000.00 worth of credit for attorney time during the Chapter 11 proceeding ... As this retainer is a minimum fee retainer, under no circumstances shall the client be entitled to a refund of any portion of this retainer ...

If at the time of either confirmation of the Chapter 11 Plan or dismissal of the Chapter 11 proceeding, the total attorney's fees, together with costs, exceeds $15,000.00, the client shall be responsible for paying in full such excess balance. If the retainer is consumed prior to confirmation of a Chapter 11 plan, client agrees to begin escrowing said excess balance in FIRM's trust account pending confirmation. If the client is unable to escrow the amount owed and said default in escrow deposits continues for a period of thirty days, then client hereby agrees that FIRM may move to dismiss or convert to Chapter 7 the Chapter 11 case ...

Paragraph 3 of the Agreement provides that Ruff & Cohen would not file a Chapter 11 petition on behalf of Debtor until the $15,000.00 retainer was paid in full.

Paragraph 4 of the Agreement outlines Debtor's responsibilities in the administration of the forthcoming Chapter 11 Case:

4. *Client's responsibilities in Chapter 11....* Another important responsibility is the preparation of monthly cash flow reports which are required by the Bankruptcy Court ... The client agrees that if it is more than two weeks delinquent in the filing of its debtor-in-possession reports, that FIRM may either move to convert the case to Chapter 7, move to dismiss the case, or move to withdraw as attorney of record ...

The client further understands that all postpetition debt must be paid on a current basis during the pendency of the Chapter 11 proceeding ... Client agrees that if it becomes more than three weeks delinquent on payroll taxes that FIRM may move to convert the case to Chapter 7 or move to dismiss the case.

At some point between March 28, 2001 and April 27, 2001, Debtor paid the $15,000.00 retainer to Ruff & Cohen.

On April 27, 2001, Debtor filed a voluntary petition for Chapter 11 bankruptcy protection. (Doc. 1.)

On April 27, 2001, Debtor also filed an Application for Order Authorizing Employment of Ruff & Cohen as Attorney for Debtor. (Doc. 4.) The Application indicates that Debtor had already paid Ruff & Cohen the $15,000.00 retainer plus $830.00 for the filing fee. Debtor proposes to pay Ruff & Cohen $185.00 per hour for attorney time and $40.00 per hour for paralegal time.

On April 27, 2001, Cohen filed an Affidavit of Proposed Attorney. (Doc. 5.) Cohen testified in paragraph 4 of the Affidavit that "[t]he Law Office of Ruff & Cohen, P.A. represents no interest adverse to JOHN PATRICK CRAIG, D.M.D., Debtor-in-possession or his estate in the matters upon which it is to be engaged."

On May 7, 2001, Cohen filed a Disclosure of Compensation of Attorney for Debtor(s). (Doc. 17.) According to the Disclosure of Compensation, Cohen & Ruff had received the $15,000.00 retainer in full from Debtor. Cohen attached the Agreement to the Disclosure of Compensation.

On May 15, 2001, the Court entered an Order Authorizing Debtor–in–Possession to Employ Lisa C. Cohen as Attorney for Debtor–in–Possession. (Doc. 20.)

On May 21, 2001, Trustee filed the Motion to Reconsider. (Doc. 22.) The Motion to Reconsider contains two objections to the employment of Cohen as attorney for Debtor under the Agreement as approved. First, Trustee contends that employment agreements featuring "earned on receipt" retainers that need not be held in trust accounts are inherently unreasonable under § 328, because, under the Code, all retainers must be kept in trust accounts and may not be drawn upon without preapproval by the Court. Second, Trustee argues that the Agreement's provisions for dismissal of Debtor's case in the event fees are not paid into escrow, reports are not filed, or payroll taxes not paid (together "the dismissal provisions") create an interest in Cohen adverse to Debtor. Trustee contends that the dismissal provisions could lead to a situation wherein Cohen prosecutes a motion to dismiss on her own behalf against Debtor and/or the best interests of the estate.

## CONCLUSIONS OF LAW

### I. PROPRIETY OF THE DISMISSAL PROVISIONS OF THE AGREEMENT

#### A. Standard for employment of professionals: the "interest adverse" rule

Section 327 of the Bankruptcy Code guides a bankruptcy court's determination of whether or not an application for employment of a professional by a debtor-in-

possession should be approved. Section 327 provides, in relevant part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (2001).

### B. Application to the instant case

■ The Court finds that the dismissal provisions of the Agreement clearly create in Cohen a potential interest adverse to Debtor and/or Debtors' estate. The dismissal provisions give rise to the possibility that Cohen will file a motion to dismiss against Debtor without Debtor's consent, leaving Debtor presumably unrepresented to defend such Motion. Debtor could conceivably become obligated to employ separate counsel to defend such motion to dismiss, thus further depleting the estate. The Court will not approve of an attorney employment agreement that allows for such a rupture in an attorney-debtor relationship and in the administration of a debtor's estate.

■ The Court rejects Cohen's argument that the dismissal provisions merely codify a debtor's attorney's general duties of candor with the Court. Cohen cites the opinion of the bankruptcy court in *In re Central Florida Metal Fabrication, Inc.*, 207 B.R. 742 (Bankr.N.D.Fla.1997) for the proposition that a debtor's attorney has an obligation to file a motion to dismiss or convert should the attorney realize that a debtor's case is hopeless. "While the attorneys should not necessarily be blamed for the lack of management and the lack of success of a Chapter 11 debtor, nor should

they be rewarded for stringing a bad case out for a lengthy period of time." *Id.* at 751. This Court respectfully disagrees with the *Central Florida Metal* ruling to the extent that it stands for the proposition that a debtor's attorney has a responsibility to abandon a debtor or to move to dismiss a debtor's case should the attorney believe the debtor's chances at reorganization to be slim. This Court will not penalize an attorney, in the form of reduced compensation, for prosecuting a debtor's attempts at reorganization, or for defending against a motion to dismiss or convert, with the strident and dedicated advocacy generally expected of an attorney. Therefore, Cohen's argument that the dismissal provisions of the Agreement simply enable her to satisfy a preexisting duty to abandon a hopeless debtor does not hold water in this Court.

Therefore, the Court concludes that a rehearing of the original approval of the Agreement is warranted and, upon rehearing, finds the Agreement wanting.

The Court will proceed to evaluate the propriety of the Agreement's retainer provision in anticipation of the filing of a new application for employment by Ruff & Cohen. The Court finds it efficient to dispose completely of Trustee's objections to the instant Agreement for the sake of saving a second objection to and hearing on any subsequent application and agreement.

### II. PROPRIETY OF THE $15,000.00 EARNED–ON–RECEIPT RETAINER

#### A. Authority to review prepetition-paid earned-on-receipt retainer

■ As a preliminary matter, the Court finds that it has the authority to review and to approve or disapprove of a non-refundable or "earned-on-receipt" retainer agreement. Specifically, the Court finds

that an earned-on-receipt retainer is property of a debtor's bankruptcy estate under 11 U.S.C. § 541. Because an earned-on-receipt retainer is property of a debtor's estate, the Court may order refund of the retainer as improper under the Code despite the fact that such a retainer is proper under Florida law.

### 1. Earned-on-receipt retainers: property of the estate under 11 U.S.C. § 541?

The Court finds that an earned-on-receipt retainer is property of a debtor's bankruptcy estate under 11 U.S.C. § 541 such that a bankruptcy court may review the reasonableness of the retainer under the fee provisions of the Code.

#### a. The *McDonald* position: earned-on-receipt retainers are not property of the estate

Some Courts have found that, because an earned-on-receipt retainer by definition belongs wholly to an attorney upon prepetition payment by a debtor, the debtor holds no interest in the retainer at the time of the petition so as to bring the retainer into the estate and thus render the retainer or draws therefrom subject to "reasonableness" review under § 328. *See In re McDonald Brothers Construction, Inc.*, 114 B.R. 989, 998–999 (Bankr.N.D.Ill. 1990). "Because the debtor holds no interest in a classic [earned-on-receipt] retainer, it does not become part of the estate, and no fee application is required before the attorneys use the retainer funds." *Id.* The *McDonald* court found that the possibility of future disgorgement of an earned-on-receipt retainer under state law or 11 U.S.C. § 329(b) did not constitute a cognizable property interest in a debtor at the moment of petition sufficient to bring any portion of the retainer into the estate. *See id.* at 997. The *McDonald* court concluded

that the refundability of a retainer is not a property interest under Illinois law or the Code, but rather a cause of action for recovery akin to an action under 11 U.S.C. § 550. *See id.* Such a potential cause of action for refund does not constitute property of the bankruptcy estate such that the estate holds any postpetition interest in the prepetition-paid retainer that could trigger the bankruptcy court fee approval process. *See id.*

#### b. Rejection of the *McDonald* position

■ The Court respectfully disagrees with the *McDonald* ruling and finds that a debtor has a cognizable equitable interest under Florida law in a prepetition-paid earned-on-receipt retainer.

■ Under Florida law, an earned-on-receipt retainer is as refundable as a typical prepaid fee-deposit retainer, despite a debtor's and an attorney's contractual agreement to the contrary. The Committee on Professional Ethics of the Florida Bar separates retainers into three types: (1) the "true" retainer; (2) the "prepaid fee—nonrefundable" or "earned on receipt" retainer; and (3) the "prepaid fee—deposit" retainer. *See* 1993 WL 761327, *1–3 (Fl. St. Bar Assn. October 1, 1993). An earned-on-receipt retainer differs because it need not be held in an attorney trust account. *See id.* at *3. However, the difference between these classes of retainers is solely a matter of accounting, as evidenced by the fact that all three are refundable despite an agreement by a client to the contrary. *See id.* "[T]he lawyer may later be obligated to refund part, or possibly all of [an earned-on-receipt retainer], if the legal services are not performed, in which case the fee may be found to be excessive, but the money is the lawyer's upon receipt of it." *Id.*

The Court finds that the immutably refundable nature of an earned-on-receipt retainer provides a debtor with an equitable interest in an earned-on-receipt retainer under Florida law. A debtor's refundability-based equitable interest in an earned-on-receipt retainer is as significant as a debtor's equitable interest in a prepaid fee-deposit retainer, which clearly may be reviewed for reasonableness. The only other Florida bankruptcy court to address the subject came to the same conclusion. "The Court ... finds that [reasonableness] scrutiny is appropriate regardless of whether the retainer is characterized as an 'advance payment' retainer, an 'earned on receipt' retainer, a 'security' retainer, or any other type of retainer." *See In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859, 904 (Bankr.M.D.Fla.2000). Bankruptcy courts in other states with similar ethics rules have also found that an equitable interest exists in earned-on-receipt retainers due to their refundability. "Where such a right of refund exists ... the debtor retain[s] an equitable interest in the retainer as of the filing date, [and] the pre-petition retainer is property of the bankruptcy estate." *See In re Bressman*, 214 B.R. 131, 141 (Bankr.D.N.J.1997).

■ The Court notes that the fact that Florida ethics rules do not require that an earned-on-receipt retainer be held in a specifically labeled trust account does not mean that the retainer is not still held by the attorney in trust for the client. The earned-on-receipt retainer may be characterized as a lesser, or at least as a less supervised, trust arrangement than a typical monitored attorney trust. However, a trustee and a beneficiary need not follow the strict attorney trust account procedures in order to establish a set of cognizable legal and equitable interests and rights in each other.

### 2. Application to the instant case

The Court concludes that the equitable interest held by Debtor in the $15,000.00 earned-on-receipt retainer under Florida law qualifies as property of Debtor's bankruptcy estate under 11 U.S.C. § 541. Under 11 U.S.C. § 328, the Court has authority to review the reasonability of the disposition of such estate property in exchange for professional services.

### B. Standard for compensation of professionals: "reasonability"

■ Section 328 of the Bankruptcy Code governs approval of compensation for professionals, such as attorneys, employed by a debtor-in-possession. Section 328 provides, in relevant part:

(a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis ...

11 U.S.C. § 327(a) (2001). Therefore, in order for the Court to approve of a retainer agreement between a Chapter 11 debtor and his attorney, the retainer must be "reasonable".

### 1. Earned-on-receipt retainers: unreasonable as a matter of law?

### a. The *NBI* position: earned-on-receipt retainers unreasonable as a matter of law

Some bankruptcy courts have found that earned-on-receipt retainers are unreasonable as a matter of law, because draws from such retainers apparently need not be pre-approved by a bankruptcy court. *See e.g. In re NBI, Inc.*, 129 B.R. 212, 222

(Bankr.D.Col.1991). "The concept of an 'earned retainer' is simply an anomaly in a Chapter 11 case ... '[e]arned retainers' are unreasonable in a bankruptcy case because they impermissibly circumvent the explicit and implicit requirements of the Bankruptcy Code and Rules pertaining to compensation of professionals, particularly debtor's counsel." *Id.* at 223. "[Earned-on-receipt retainers] purport to substitute the discretion of counsel and debtor for that of the court." *Id.*

### b. Rejection of any per se rule

■ The Court finds it appropriate to evaluate earned-on-receipt retainer agreements on a factually specific case-by-case basis rather than to apply a strict per se rule of unreasonability or reasonability. The Court recognizes that Chapter 11 debtor's attorneys effectively work on a contingency-fee basis (all fees being contingent on court approval and existence of funds at confirmation) without the opportunity to receive the risk premium for working on a contingency-fee basis (that premium being a significant portion of any recovery). The Court finds that the ability of a reputable Chapter 11 debtor's attorney to draw without pre-approval from a well-disclosed earned-on-receipt retainer kept in the attorney's trust account appropriately ameliorates the contingent nature of compensation for Chapter 11 debtor's attorneys and thus justifies allowing earned-on-receipt retainers in certain cases. Such a retainer allows for a Chapter 11 debtor's attorney to avoid incurring large amounts of out-of-pocket costs and unpaid fees during the period between application for and approval of interim fees. That protection will help to ensure the continued existence of a qualified and experienced pool of Chapter 11 debtor's attorneys.

### c. Accounting for and drawing from approved earned-on-receipt retainers

■ The Court finds that approved earned-on-receipt retainers must be kept in an attorney's trust account despite the Florida ethics rule that an earned-on-receipt retainer may be held by an attorney personally.[1] The Court will allow a debtor's attorney to draw from an approved earned-on-receipt retainer kept in a trust account without obtaining pre-approval for such draws, subject to subsequent review of the reasonability of such draws under § 330(a) and potential disgorgement under § 329(b). A debtor's attorney shall report every draw from an approved earned-on-receipt retainer to the United States Trustee within thirty days after making the draw in order to allow Trustee an opportunity to object to the draw and seek disgorgement. The United States Trustee's failure to immediately object to an interim draw is not a waiver of Trustee's right to object to that draw upon review of a formal fee application at the conclusion of a case. These procedures will protect an estate's equitable interest in an earned-on-receipt retainer at the same time the retainer allows a debtor's attorney to represent debtor without drawing costs and expenses out-of-pocket as if working on contingency.

### 2. Standard for determining the reasonableness of earned-on-receipt retainers

■ The Court will carefully analyze all of the factual circumstances surround-

---

1. Satisfaction of ethical minimums does not necessarily constitute satisfaction of Code requirements. Although a debtor's attorney may keep an earned-on-receipt retainer in his personal account without running afoul of the ethics rules, the Court will not approve of such an arrangement under § 328.

ing a proposed earned-on-receipt retainer in determining whether or not such earned-on-receipt retainer is reasonable in a particular case. Seven issues will usually guide the reasonability inquiry: (1) whether the case at hand is unusually large or complex, thus causing a rapid accrual of large amounts of fees; (2) whether waiting an extended period for payment would place an undue burden on proposed counsel; (3) whether proposed counsel will be able to disgorge a portion or all of the earned-on-receipt retainer should the court later order a refund; (4) whether proposed counsel is particularly experienced in Chapter 11 debtor's work; (5) whether proposed counsel has declined representation in specific other cases in order to work on debtor's case; (6) whether the actual amount of fees paid as an earned-on-receipt retainer is excessive or not; and (7) whether adequate disclosure of the earned-on-receipt retainer has been made to all appropriate parties. *See Keller*, 248 B.R. at 905.

### 3. Application to the instant case

█ The Court finds that the $15,000.00 earned-on-receipt retainer proposed by Debtor and Ruff & Cohen would qualify as reasonable proposed compensation under § 328. The relatively small size of the earned-on-receipt retainer combined with the experience and stability of Ruff & Cohen justify allowing the use of an earned-on-receipt retainer in the instant Case. Additionally, it appears that the earned-on-receipt retainer was well disclosed and has been well accounted for to date.

The Court reiterates that its approval of the earned-on-receipt retainer in the instant Case is strictly limited to the circumstances of the instant Case, and that future proposed earned-on-receipt retainer agreements will be evaluated on a subjective, case-by-case basis.

### CONCLUSION

The Court finds that the Agreement in the instant Case should not have been approved because the dismissal provisions create a potential adverse interest between Debtor and Ruff & Cohen. The Court also finds that the Agreement's earned-on-receipt retainer provision satisfies the reasonability test of § 328.

The Court will enter a separate Order in accordance with these Findings of Fact and Conclusions of Law.